IN THE UNITED STATES DISTRICT COURT
NORHTERN DISTRICT OF TENNESSEE
OXFORD DIVISION

| | |
|---|---|
| **Robert J. Thomson**, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action, Case No.: 3:18-CV-195-NBB-RP |
| v. ) | |
| ) | **JURY DEMANDED** |
| **Grillehouse of Southaven,** ) | |
| **LLC,** *a Mississippi Limited Liability Company* ) | |
| **Mr. Clinton L. Boutwell,** *member of* ) | |
| *Grillehouse of Southaven, LLC and individually* ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

**VERIFIED COMPLAINT FOR VIOLATION OF
THE FAIR LABOR STANDARDS ACT**

**COMES NOW** the Plaintiff, Robert J. Thomson (hereinafter referred to as "Mr. Thomson," or "Plaintiff"), on behalf of himself and all others similarly situated, by and through counsel, and for his Complaint against Defendant, Grillehouse of Southaven, LLC, (hereinafter "Grillehouse") and Defendant Mr. Clinton L. Boutwell ("Mr. Boutwell") (collectively "Defendants") states as follows:

**NATURE OF THE COMPLAINT**

1. Mr. Thomson brings a cause of action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Mr. Thomson brings this action against Defendants for Defendants' willful failure to pay minimum wage and/or overtime premiums to Plaintiff and all others similarly situated, who were

employed as wait staff and bartenders at Defendants' Restaurant. Further, Mr. Thomson brings this action for retaliation in violation of the Fair Labor Standards Act.

3. Defendants' practice and policy is, and has been, to willfully fail and refuse to pay minimum wage and/or overtime compensation due and owing to Mr. Thomson and those similarly situated to him in violation of the FLSA, and to willfully fail to compensate Mr. Thomson those similarly situated to him for all hours worked while employed by Defendants.

4. Defendants instituted and carried out an unlawful policy and practice of refusing to pay Mr. Thomson and those similarly situated to him for all time worked and/or refusing to pay them overtime for all hours worked in any given work week over forty, notwithstanding that they are non-exempt employees entitled to overtime pay under the FLSA.

## PARTIES

5. Mr. Thomson is an adult resident of Southaven, Desoto County, Mississippi.

6. Mr. Thomson was an employee of Defendants, Grillehouse and Boutwell, for FLSA purposes.

7. The members of this representative action are those current and former employees of Defendants who are similarly situated to Mr. Thomson who were suffered or permitted to work by Defendants as servers and/or bartenders and not paid their regular or statutorily required rate of pay for all hours worked, as well as those current or former employees of Defendants who are similarly situated to Mr. Thomson who worked in excess of forty hours in one or more workweeks but were not paid overtime at the statutory rate.

8. Defendant Grillehouse is a limited liability company organized under the laws of the State of Mississippi with a place of business in Southaven, DeSoto County Mississippi and may be served through its registered agent Clint L. Boutwell, 114 Courthouse Square Suite A, Oxford, MS

38655. At all relevant times complained of herein, Defendant Restaurant was an employer under 29 U.S.C. § 203(e)(1).

9. Upon information and belief, Defendant Clint Boutwell is an individual resident of Lafayette County, Mississippi. At all relevant times complained of herein, Mr. Boutwell was an employer under 29 U.S.C. § 203(e)(1).

## JURISDICTION AND VENUE

10. This action for damages is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* This Court has federal question subject matter jurisdiction pursuant to 29 U.S.C. §§ 216(b) and 217.

11. Defendant Grillehouse is a legal entity and has sufficient minimum contacts with DeSoto County in the State of Mississippi such that they are subject to service of process in Mississippi. Therefore, this Court has personal jurisdiction over Grillehouse.

12. Defendant Boutwell can be found within DeSoto and Lafayette County, Mississippi. Therefore, this Court has personal jurisdiction of Defendant Boutwell.

13. Defendants do business in the Northern District of Mississippi. Furthermore, all of the events giving rise to Mr. Thomson's claims occurred in the Northern District Oxford Division. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Northern District Oxford Division of Mississippi.

## REPRESENTATIVE ACTION ALLEGATIONS

14. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as bartenders and/or servers within three years from the commencement of this action

who have not been compensated for all hours worked and/or who have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

15. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff, Mr. Thomson, the Representative Plaintiff, because the claims of Plaintiff are similar to the claims of the plaintiffs of the representative action.

16. Mr. Thomson is similarly situated to the putative members of the collective employees for Defendants, had substantially similar job requirements and pay provisions, and was subject to Defendants' common practice, policy, or plan of refusing to pay employees for all hours worked and of refusing to pay overtime in violation of the FLSA.

## FACTUAL BACKGROUND

17. Defendant Grillehouse employed Mr. Thomson.

18. Defendant Boutwell employed Mr. Thomson.

19. Mr. Thomson's employment began in approximately July 2017.

Pay Practices for Bartenders and Servers

20. Defendants hired Mr. Thomson to be a bartender at Grillehouse.

21. Defendants hired Ms. Love to be a server at Grillehouse.

22. Defendants failed and refused to pay Mr. Thomson and all others similarly situated to him for all hours worked.

23. Mr. Thomson, as a bartender, was paid $5.00 per hour, plus tips by Defendants.

24. Servers are paid $2.13 per hour, plus tips by Defendants.

25. Defendants claimed the tip credit, 29 U.S.C. § 203(m), when they paid Mr. Thomson and other bartenders an hourly wage of $5.00 per hour and servers an hourly wage of $2.13 per hour.

26. Mr. Thomson worked up to seven days per week as a bartender.

27. Mr. Thomson worked anywhere from six to ten hours per shift.

28. Defendants did not allow Mr. Thomson or the other bartenders and servers at Grillehouse to keep all of the tips that they earned.

29. Defendants did not provide appropriate statutory notice to Plaintiffs that Defendants would be taking the tip credit in order to meet the statutorily required minimum wage.

30. Defendants did not properly inform Mr. Thomson and all others similarly situated of its intent to take the tip credit.

31. Defendant did not properly inform Mr. Thomson and all others similarly situated who would be included in the tip pool.

32. Mr. Thomson was required to write down his cash and credit card tips at the end of the night.

33. At the end of each night's shift, Defendants pooled the bartenders' and servers' tips.

34. A portion of the tip pool amount went to the expediter and runners.

35. This payout was reflected in the "expo" line on Plaintiffs paystubs.

36. Defendants put a line on Mr. Thomson's paystub titled "expo 2."

37. This line item was money taken from Mr. Thomson and others in the tip pool.

38. A portion of the tip pool went to the owner, Mr. Boutwell, which is not within the meaning of 29 U.S.C § 203(m).

39. Defendants implemented a practice that provided for a portion of the tip pool to be set aside for Mr. Boutwell.

40. Mr. Boutwell's job duties were administrative and managerial in nature.

41. Mr. Boutwell assigns duties to servers.

42. Mr. Boutwell completed company paperwork.

43. A manager is not an employee who customarily and regularly receives tips.

44. An owner is not an employee who customarily and regularly received tips.

45. By misappropriating a portion of the tip pool, Defendants improperly managed the tip pool.

46. Defendants did not satisfy the requirements of the Fair Labor Standards Act and Defendant is not eligible to take the tip credit.

47. Mr. Thomson and those similarly situated are entitled to the return of his tips and wages and compensation based on the standard minimum wage for all hours worked.

48. Mr. Thomson was a non-exempt employee during the time he was a bartender for Defendants.

49. Mr. Thomson clocked in and clocked out of his shifts with Defendants.

50. Mr. Thomson was paid an hourly wage.

51. Defendants told Mr. Thomson which work assignments to complete, when they had to be completed, and how work should be performed.

52. Defendants had the power to hire and fire Mr. Thomson.

53. Defendants controlled the number of hours Mr. Thomson worked, the rate, and the method of his payment.

54. Defendants failed to compensate Mr. Thomson for all compensable time he worked for Defendant.

55. Defendants failed to compensate Mr. Thomson with an overtime premium for all hours worked over forty in any given workweek

Mr. Thomson's employment as "General Manager"

56. Defendants promoted Mr. Thomson to the position of General Manager.

57. Defendants promoted Mr. Thomson in or around August 2017.

58. While working as a General Manager, Mr. Thomson worked over forty hours in a workweek.

59. Defendants knew Mr. Thomson was working in excess of forty hours in a workweek.

60. Defendants did not instruct Mr. Thomson to stop working in excess of forty hours in a workweek.

61. Defendants failed and refused to pay Mr. Thomson an overtime premium for any hours worked over forty (40) in any given workweek.

62. Mr. Thomson was allegedly paid a salary.

63. However, Defendants took impermissible deductions from Mr. Thomson's salary.

64. For example, Defendants docked Mr. Thomson's pay when he was out of work due to illness.

65. Defendants failed to pay Mr. Thomson sick pay in lieu of his salary.

66. Defendants deduction was not made in accordance with a bona fide plan, policy or practice of providing compensation for loss of salary occasioned by such sickness or disability.

67. Therefore, Defendants did not satisfy the salary basis test. 29 C.F.R. § 541.602.

68. Defendants' impermissible deductions are evidence that Defendants did not intend to pay Mr. Thomson on a salary basis.

69. Since Defendants did not intend to pay Mr. Thomson a salary, Defendants are not eligible for the executive exemption. 29 C.F.R. § 541.603(b).

70. Mr. Thomson is not an exempt employee.

71. As a non-exempt employee, Mr. Thomson is due an overtime premium for all hours worked over forty (40) in any given workweek.

72. Therefore, Mr. Thomson has suffered damages for failure to pay overtime compensation under the FLSA.

<u>Mr. Thomson was terminated in retaliation for reporting and complaining about Defendants' violations of the Fair Labor Standards Act.</u>

73. Mr. Thomson reported violations of the FLSA in person to Mr. Boutwell.

74. Mr. Thomson reported to Mr. Boutwell that pay had been docked from his check.

75. Mr. Thomson reported illegal pay practices to Mr. Boutwell when he told Mr. Boutwell that if he was salary, pay shouldn't be docked from his check.

76. Mr. Thomson reported to Mr. Boutwell that he does not get paid for overtime hours.

77. Mr. Boutwell knew or should have known that Mr. Thomson was working overtime hours.

78. Mr. Thomson clocked in and clocked out when he was working at the Grillehouse location.

79. Further, Mr. Thomson performed work outside the Grillehouse location that would not be reflected in any time records.

80. During this conversation, where Mr. Thomson reported and complained of violations of the FLSA, Mr. Boutwell terminated Mr. Thomson.

81. Mr. Thomson's termination was in retaliation for reporting FLSA violations.

82. Defendant does not have a legitimate, non-discriminatory reason for terminating Mr. Thomson.

## Count I – Violation of the FLSA, Tip Credit and Tip Pool Violations

83. Mr. Thomson, on behalf of himself and all others similarly situated, re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 82 as they were set forth fully herein.

84. Upon information and belief, at all relevant times, Defendants have been, and continue to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

85. Upon information and belief, at all relevant times, Defendants employed and continues to employ "employee[s]."

86. Upon information and belief, at all relevant times, Defendants have gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

87. Upon information and belief, Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" under the FLSA.

88. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for all hours worked at an hourly rate and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

89. Mr. Thomson and all others similarly situated are entitled to be paid minimum wage for all hours worked and are entitled to be paid overtime compensation for all hours worked, if any are worked, over forty in a given work week.

90. Defendants, as employers under the FLSA, must pay employees minimum wage.

91. Defendants, as employers under the FLSA, must pay non-exempt employees an overtime premium for all hours worked over forty (40) in any given workweek.

92. Servers and Bartenders are non-exempt employees.

93. Defendants took a "tip credit" when paying Mr. Thomson and those similarly situated, bartenders, their hourly wage of $5.00 per hour.

94. Defendants took a "tip credit" when paying Ms. Love and those similarly situated, servers, their hourly wage of $2.13 per hour.

95. Employees who do not "customarily and regularly" receive tips were included in the tip pool in violation of the FLSA.

96. Further Defendants did not properly inform Mr. Thomson and all others similarly situated of its intent to take the tip credit.

97. Defendant did not properly inform Mr. Thomson and all others similarly situated who would be included in the tip pool.

98. As a result, Defendants were not eligible to take the tip credit.

99. As a result of Defendants' illegal actions, Mr. Thomson and all others similarly situated were not properly compensated under the FLSA.

100. Defendants failed to compensate Mr. Thomson and all others similarly situated at a rate not less than the minimum wage required under the FLSA.

101. As a result of Defendants' failure to compensate Mr. Thomson and all others similarly situated for all hours worked at a rate not less than minimum wage and to compensate them at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants violated the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

102. Defendant's violation of the law was not a good faith error under 29 U.S.C. § 260.

103. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

104. Mr. Thomson and all others similarly situated sustained substantial monetary and non-monetary damages as a direct and proximate cause of Defendants' illegal conduct, and Mr.

Thomson, on behalf of himself and all others similarly situated, demands such legal and equitable relief as will effectuate the purposes of FLSA, including but not limited to, the following:

    a. Unpaid wages;

    b. Liquidated Damages;

    c. Costs and attorney's fees;

    d. Appropriate affirmative action; and

    g. Any other relief that this Court deems just and equitable.

### Count II – Violations of the FLSA, Failure to Pay Overtime Premium

105. Mr. Thomson re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 104 as they were set forth fully herein.

106. As General Manager from approximately August 2017 to December 29, 2017, Defendants paid Mr. Thomson a so-called "salary."

107. However, Defendants took impermissible deductions from Mr. Thomson's salary.

108. Therefore, Defendants did not meet the salary basis test as required by 29 U.S.C. § 541.600 *et seq*.

109. For example, Mr. Thomson's pay was docked when he was out of work due to illness.

110. Also, Mr. Thomson's pay was docked when he had a death in the family.

111. Defendants did not pay Mr. Thomson sick pay in lieu of his salary.

112. Defendants deduction was not made in accordance with a bona fide plan, policy or practice of providing compensation for loss of salary occasioned by such sickness or disability.

113. Mr. Thomson was not paid an overtime premium for any hours worked over forty (40) in any given workweek.

114. Mr. Thomson does not meet the salary basis test for failure to pay an overtime premium.

115. Defendants knew or should have known Mr. Thomson was working over forty (40) hours in a given workweek.

116. Therefore, Mr. Thomson is owed compensation for all hours worked over forty in any given workweek under 29 U.S.C. § 206(a).

117. Defendant's violation of the law was not a good faith error under 29 U.S.C. § 260.

118. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

119. Mr. Thomson sustained substantial monetary and non-monetary damages as a direct and proximate cause of Defendants' illegal conduct, and Mr. Thomson demands such legal and equitable relief as will effectuate the purposes of FLSA, including but not limited to, the following:

    a. Unpaid wages;

    b. Liquidated Damages;

    c. Costs and attorney's fees;

    d. Appropriate affirmative action; and

    e. Any other relief that this Court deems just and equitable.

## Count III – Retaliation in Violation of the FLSA

120. Mr. Thomson re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 119 as they were set forth fully herein.

121. Mr. Thomson reported violation of the FLSA in a conversation with the owner.

122. Mr. Thomson reported to Mr. Boutwell that pay had been docked from his check.

123. Mr. Thomson reported to Mr. Boutwell that if he was salary, pay shouldn't be docked from his check.

124. Mr. Thomson reported to Mr. Boutwell that he does not get paid for overtime hours.

125. Mr. Thomson engaged in protected activity when he reported and/or complained of pay violation to the owner.

126. As a result of engaging in this protected activity, Defendants terminated Mr. Thomson in violation of 29 U.S.C. § 215(3).

127. Mr. Thomson was terminated in the same conversation where he complained of pay violations.

128. Defendant's violation of the law was not a good faith error under 29 U.S.C. § 260.

129. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

130. Mr. Thomson sustained substantial monetary and non-monetary damages as a direct and proximate cause of Defendants' illegal conduct, and Mr. Thomson demands such legal and equitable relief as will effectuate the purposes of FLSA, including but not limited to, the following:

    a. Unpaid wages;

    b. Liquidated Damages;

    c. Compensatory Damages;

    d. Costs and attorney's fees;

    e. Reinstatement or other equitable relief;

    f. Appropriate affirmative action; and

    g. Any other relief that this Court deems just and equitable.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Thomson prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2.  Pre-Judgment interest, as provided by law;

3.  An award of money damages for unpaid wages, including liquidated damages, front pay, back pay and compensatory damages, and penalties in an exact amount to be determined at trial;

4.  Award him and all others similarly situated costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

5.  Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

6.  Designation of Plaintiff Mr. Thomason as Representative Plaintiff of the putative members of the FLSA representative action; and

7.  Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Mr. Thomson, on behalf of himself and all others similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Dated:   September 11, 2018               Respectfully submitted,

                                          s/Bailey H. Dorsey
                                          Bailey H. Dorsey, MS Bar No. 105224
                                          THE CRONE LAW FIRM, PLC
                                          88 Union Avenue, 14th Floor
                                          Memphis, TN 38103
                                          901.737.7740 (voice)
                                          901.474.7959 (voice)
                                          901.474.7926 (fax)
                                          bdorsey@cronelawfirmplc.com
                                          *Attorney for Plaintiff*