IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ROBERT J. THOMSON                                                                                       PLAINTIFF

V.                                                                         CIVIL ACTION NO. 3:18-cv-195-NBB-RP

GRILLEHOUSE OF SOUTHAVEN, LLC,
AND CLINTON L. BOUTWELL                                                                          DEFENDANTS

## **MEMORANDUM OPINION**

This cause comes before the court upon the plaintiff's motion and amended motion for relief from judgment [40, 45], motion for approval of settlement of FLSA claims [41], and motion for attorney fees and costs [47]. Upon due consideration of the motions, responses, exhibits, and applicable authority, the court is ready to rule.

### Factual Background and Procedural Posture

The plaintiff, Robert J. Thomson, filed his complaint for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, ("FLSA") against his employer, defendants Grillehouse of Southaven, LLC, and Clinton L. Boutwell, on September 11, 2018. Thomson served as class representative for all current and former servers and bartenders of Grillehouse of Southaven and Clinton Boutwell employed from September 11, 2015. The court granted the parties' joint motion for conditional certification of the class on May 16, 2019. Five plaintiffs ultimately comprised the class.

The complaint contained numerous allegations of FLSA violations which may be broken down into three categories: (1) minimum wage violations, (2) overtime violations, and (3) retaliation. After settlement negotiations, the defendants served the plaintiffs with individual offers of judgment which included the maximum amount of wages the plaintiffs were entitled to seek at trial. The offers of judgment included wages owed, liquidated damages, declaratory

judgment, and an award of reasonable attorney fees and costs. The discovery process revealed that plaintiff Thomson, who alleged he had been terminated for complaining about overtime wages, could not establish a prima facie case of retaliation. The total amount of wages and liquidated damages determined to be owed to the five plaintiffs was $17,626.00. The plaintiffs accepted the offers of judgment on October 16, 2019, and the defendants filed the offers and notice of acceptance with proof of service on the docket the following day.

Based on the offers and acceptance of judgment, the court entered an order dismissing the case without prejudice on October 22, 2019, specifically informing the parties that "[t]he court retains jurisdiction for 30 days to vacate this order and to reopen this action upon good cause shown that further litigations is necessary." On November 4, 2019, plaintiffs' counsel requested clarification from the court as to whether motions for attorney fees or approval of settlement would need to be filed or handled at a hearing. The court responded to the emailed inquiry as follows: "Your attorneys' fees request and settlement approval should be made by written motions filed on the docket. It is unlikely a hearing will be necessary on either issue." The thirty-day deadline for the court's retention of jurisdiction expired on November 20, 2019, and the plaintiffs failed to file any motions by that date.

The record reflects that on November 25, 2019, plaintiffs' counsel sent defendants' counsel a proposed motion to approve settlement. The defendants responded that they could not agree to the proposed motion, as the court was now divested of jurisdiction by the terms of its October 22, 2019 order dismissing the case without prejudice and retaining jurisdiction for thirty days, which had already elapsed. The plaintiffs filed motions for relief from judgment and for settlement approval on December 5, 2019, and a motion for attorney fees on December 10, 2019, both well outside the applicable deadlines.

2

Analysis

A dismissal without prejudice by a district court is recognized as a final judgment. *Griggs v. S.G.E. Management, LLC*, 905 F.3d 835 (5th Cir. 2018). Federal Rule of Civil Procedure 54(d)(2)(B)(i) requires that a motion for attorney fees be filed no later than fourteen days after entry of judgment. In the present case, this fourteen-day deadline for the plaintiffs to file their motion for attorney fees fell on November 5, 2019 – the day after their emailed inquiry to the court.

The plaintiffs assert it was their understanding that the court's answer to their emailed inquiry as to whether the issues of settlement approval and attorney fees would require the filing of motions or be addressed at a hearing superseded the court's October 22, 2019 order dismissing the case by reason of settlement and retaining jurisdiction for thirty days. Based on this alleged misunderstanding, the plaintiffs now seek relief under Federal Rule of Civil Procedure 60(b)(1), which provides relief from judgment based on "mistake, inadvertence, surprise, or excusable neglect." The plaintiffs also assert that Federal Rule of Civil Procedure 68(a) requires the clerk of court to enter judgment following the filing of an offer of judgment and notice of acceptance, which was not done in this case. Plaintiffs' counsel asserts he was justifiably confused when, instead of a final judgment entered by the clerk, the court instead entered a dismissal without prejudice based on settlement. Plaintiffs' counsel asserts that he took the court's affirmative email response that motions should be filed as tacit acknowledgment that the FLSA settlement must be approved by the court prior to execution by the parties and that the attorney fees motion could be filed outside the deadline.

Plaintiffs' counsel unfortunately made broad assumptions and chose an expansive interpretation of the court's answer to his inquiry that exceeded its plain language and intended

3

meaning. The plain language of the court's emailed response simply answers the question whether a motion would be required on the matters addressed – i.e., settlement approval and attorney fees – or whether the matters would be handled at a hearing, *ore tenus*. This court invariably requires a written motion filed on the docket for any relief requested by a party, and it has long held such a policy. Local Uniform Civil Rule 7(b) clearly states, "Any written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this Rule." L. U. Civ. R. 7(b). The fact that plaintiffs' counsel inquired about this matter with one day remaining to file his attorney fees motion and within the thirty-day jurisdictional deadline left the court with the assumption that plaintiffs intended to file the referenced motions before the expiration of those deadlines, though the court's assumptions in this regard are of no consequence, as it is incumbent upon counsel to adhere to court procedures and deadlines. As noted above, the plaintiffs ultimately filed their motions well outside the deadlines even though they still had time after their inquiry to file them within the time allotted by Rule 54 and by the terms of the court's October 22, 2019 order. As a result, the plaintiffs' motion for attorney fees will be denied as untimely. *See Brown v. ASEA Brown Boveria, Inc.*, No. 3:14-CV-37-CWR-LRA, 2017 WL 5918253, at *2 (S.D. Miss. Oct. 9, 2015) (denying motion for attorney fees as untimely). As will be explained below, however, the offer of judgment which was accepted by the plaintiffs will be unaffected by the plaintiffs' untimeliness.

    A party seeking relief under Rule 60(b)(1) "must make some showing of why he was justified in failing to avoid mistake or inadvertence." *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 695 (5th Cir. 1983) (quoting 11 Wright & Miller, Federal Practice and Procedure § 2858 at p. 170). To interpret a simple responsive email from the court as a statement that supersedes a

deadline issued in a signed and docketed order requires a significant speculative leap and an unduly broad interpretation of what was no more than a straightforward answer to a direct question. In light of their alleged confusion, the plaintiffs should have sought further clarification, preferably in the form of a written motion for clarification filed on the docket in accordance with the Local Rules, before making the decision to file their motions outside the applicable deadlines; or they should have erred on the side of caution and filed the motions within those deadlines. At the very least, the plaintiffs could have filed a motion for an extension of time within which to file the other motions.

As the defendants argue, "No reasonable person could conclude that the Court's e-mail was contradictory to its Order. To come to such a conclusion would mean the Plaintiff could have just waited to file the motion for attorney fees whenever Plaintiff felt like getting around to filing it even if that was a decade later." [Doc. 50, p. 5]. The court finds that the mistake, inadvertence, or excusable neglect asserted by the plaintiffs here is not of the type that affords Rule 60(b) relief. The outcome might have been different had the plaintiffs filed their motion for attorney fees outside the fourteen-day deadline provided by Rule 54 but within the court's 30-day jurisdictional deadline. A more persuasive argument for mistake and excusable neglect perhaps could have been made under those circumstances. Such are not the circumstances here, however.

The plaintiffs further contend that the court should reopen this case because it was required to approve the FLSA settlement. As the defendants accurately state, court approval of the settlement is not required under the facts as presented here. First, even if the court had improperly dismissed the case without first approving the settlement, the issue would be one for appeal, not a Rule 60(b) motion. *Chick Kam Choo*, 699 F.2d at 695. Second, an offer of

5

judgment that is accepted does not require approval by the court. *See Mei Xing Yu v. Hasaki Restaurant, Inc.*, 2019 WL 6656618 (2nd Cir. Dec. 6, 2019). "A Rule 68 Offer of Judgment is usually considered self-executing," and "[t]he court generally has no discretion whether or not to enter the judgment." *Ramming v. Natural Gas Pipeline Co. of America*, 390 F.3d 366, 370 (5th Cir. 2004). Third, the Fifth Circuit has held that settlements in which the employer gives the "employees everything to which they are entitled under the FLSA at the time the agreement is reached" are binding and enforceable and do not require court approval. *Martin v. Spring Break '83 Productions, LLC*, 688 F.3d 247, 255 (5th Cir. 2012) (citing *Thomas v. Louisiana*, 534 F.2d 613, 615 (5th Cir. 1976) (reasoning that "[a]lthough no court ever approved this settlement agreement, the same reason for enforcing a court-approved agreement, i.e., little danger of employees being disadvantaged by unequal bargaining power, applies here"). Here the parties have agreed that the offers of judgment, which were accepted, included all damages to which the plaintiffs were entitled under the FLSA. For these reasons, the court's approval of the settlement is not required; precedent and the facts of this case render the agreements binding and enforceable; and the court declines the plaintiffs' request to reopen the case.

      The court notes, however, that it sees no reason why the clerk of court should not enter judgment at this time based on the offers and acceptance of judgment filed by the parties, because, as noted above, such is a ministerial, non-discretionary action. It is the language of Rule 68 and not this court's order which directs the clerk of court to perform such action. To be clear, such action on the part of the clerk of court will be deemed corrective, and entry of judgment at this late date will not be deemed by the court to reopen the case, to extend this court's jurisdictional period, which expired according to the terms of the court's October 22,

6

2019 order of dismissal, or to start anew a time period for the re-filing of motions including the plaintiffs' motion for attorney fees.

## Conclusion

For the foregoing reasons, the court finds that the plaintiffs' motion for relief from judgment should be denied, that the plaintiffs' motion for approval of settlement should be denied, and that the plaintiffs' motion for attorney fees should be denied. A separate order in accord with this opinion shall issue this day.

This, the 8th day of July, 2020.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE