IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ROBERT J. THOMSON                                                                              PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:18-CV-195-NBB-RP

GRILLEHOUSE OF SOUTHAVEN, LLC,
AND CLINTON L. BOUTWELL                                                                    DEFENDANTS

## **MEMORANDUM OPINION**

This cause comes before the court upon the plaintiffs' amended motion for attorneys' fees, expenses, and costs. Upon due consideration of the motion, response, exhibits, and applicable authority, the court is ready to rule.

### Factual Background and Procedural Posture

The plaintiff Robert J. Thomson, as class representative, filed this collective action on behalf of himself and current and former employees of the defendants, Grillehouse of Southaven, LLC, and Clinton L. Boutwell, under the Fair Labor Standards Act ("FLSA"), 28 U.S.C. §201 *et seq.*, on September 11, 2018, alleging that the defendants had violated their rights under the FLSA by failing to follow tip credit and tip pool standards established by the FLSA, by failing to pay them overtime premiums as mandated by the FLSA, and by retaliating against them for reporting these alleged violations.

On October 9, 2019, the defendants submitted individual Offers of Judgment for each of the plaintiffs. The offers provided for full compensation for the plaintiffs' actual damages, liquidated damages in the amount of 100% of actual damages, plus statutory costs and reasonable attorneys' fees to be determined by the court.

This court initially determined that the plaintiffs' motion for attorneys' fees was untimely filed. The plaintiffs appealed the matter to the Fifth Circuit Court of Appeals which found to the

contrary.  *Thomson v. Grillehouse of Southaven*, 2022 WL 686444, at *3 (5th Cir. 2022).  The plaintiffs have now filed this amended motion for attorneys' fees, expenses, and costs to reflect additional hours expended on the appeal.

Analysis

The FLSA provides for an award of attorneys' fees and costs under 29 U.S.C. § 216(b), which provides as follows:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be …. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).  While the award of attorneys' fees and costs to the prevailing party is mandatory, the amount of the award is within the discretion of the court.  *Steele v. Leasing Enterprises*, 826 F.3d 237, 249 (5th Cir. 2016).  The "lodestar method" is the accepted method to determine appropriate attorneys' fees in cases arising under the FLSA.  *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).  The lodestar is "calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work."  *Id.*  After making this calculation, the court may decrease or increase the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).  The *Johnson* factors, as they are commonly known, are as follows:

>  (1) the time and labor required;
>  (2) the novelty and difficulty of the questions;
>  (3) the skill required to perform the legal service properly;
>  (4) the preclusion of other employment by the attorney due to the case;
>  (5) the customary fee;

    (6) whether the fee is fixed or contingent;
    (7) time limitations imposed by the client or the circumstances;
    (8) the amount involved and the results obtained;
    (9) the experience, reputation, and ability of the attorneys;
    (10) the "undesirability" of the case;
    (11) the nature and length of the professional relationship with the client; and
    (12) awards in similar cases.

*Johnson*, 488 F.2d at 717-19.

    The court typically applies analysis of each of these factors to the fees requested by the moving party to determine if adjustment of the lodestar is appropriate, but the plaintiffs here do not seek an upward adjustment of the lodestar, and the defendants do not argue for a downward adjustment. Instead, the defendants make the conclusory assertion that the award should be denied altogether based on unsupported allegations of fraud in the timesheets submitted and hours requested by plaintiffs' counsel.[1]

    Plaintiffs' counsel offers compelling and persuasive explanations for admitted discrepancies between the time records report with which the defendants take issue and the accurate report subsequently amended. The initial report provided to defendants' counsel was generated during the course of the day of October 2, 2019, but was not emailed to opposing counsel until October 8, 2019. After the report was generated, two more entries of work were performed on October 2, 2019, and twelve more entries were made from October 3, 2019, through October 7, 2019, the day before the previously generated report was emailed to counsel. In other words, plaintiffs' counsel submitted an incomplete report to defendants' counsel but subsequently offered a logical explanation for the error. The defendants also take issue with another discrepancy between the two reports – an error, among others, which plaintiffs' counsel acknowledged, corrected, and

---

[1] *See* [Docket 63 at 4] ("[T]his court should deny all of plaintiffs' request for attorney fees and costs based on fraud.")

adequately explained, regarding a mistake in attributing certain time entries to a senior attorney which should have been attributed to an associate attorney at a lower rate. This court is satisfied that plaintiffs' counsel has adequately explained any discrepancies noted by the defendants and finds that any initial mistakes in the report amount to no more than clerical errors and certainly do not constitute an attempted fraud upon the court.

The court finds the plaintiffs' requested attorneys' fees, expenses, and costs in the amount of $71,016.02 to be fair and reasonable under the circumstances and facts of this case and fully supported by the *Johnson* factors as exhaustively argued in the plaintiffs' brief in support of the instant motion. *See* [Docket 62 at 4-7]. The court adopts and incorporates that analysis herein and finds that the plaintiffs' motion is well taken and should be granted.

## Conclusion

For the foregoing reasons, the court finds that the plaintiffs' motion for attorneys' fees, expenses, and costs is well taken and should be granted. A separate order in accordance with this opinion will issue this day.

This 30th day of March, 2023.

    /s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE

4